UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY LEJEUNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2477** |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this asbestos litigation is a motion[1] for summary judgment by Defendant G. Denver and Co., LLC, erroneously sued as Gardner Denver, Inc. ("Defendant" or "G. Denver and Co., LLC"). Defendant submits that it is entitled to summary judgment dismissing all claims asserted against it because "there is zero evidence of exposure to asbestos via any work that Mr. LeJeune did on G. Denver and Co., LLC PZ 11 Mud Pumps."[2] The motion was noticed for submission on March 5, 2025;[3] Plaintiff's response was due on February 25, 2025. *See* LOCAL CIVIL RULE 7.5.[4] Plaintiff has failed to file a response.[5] So, the Court considers the motion unopposed.

The unopposed motion has merit. This asbestos exposure case arises from Mr. LeJeune's claim that he developed mesothelioma due to asbestos exposure during his career, beginning in 1973, as a deckhand and/or driller for various employers a

---

[1] ECF No. 122.
[2] ECF No. 122-1 at 2.
[3] ECF No. 130.
[4] *See also* ECF No. 130.
[5] Though Plaintiff requested and was granted continuances of the submission date of a different defendant's motion for summary judgment (ECF No. 121), the submission date for G. Denver and Co., LLC's motion for summary judgment was continued just once to March 5, 2025. *Compare* ECF Nos. 138, 146, 148, 162 *with* ECF No. 130.

different job sites in Louisiana.[6] Defendant G. Denver and Co., LLC was named as an alleged supplier/distributor/contractor/manufacturer.[7] Mr. LeJeune, the only fact witness deposed in this case, testified that while employed by Loffland Brothers in 1975, he removed and replaced gaskets on PZ 11 mud pumps manufactured by G. Denver and Co., LLC.[8] According to Mr. LeJeune's testimony and expert evidence, the gaskets Mr. LeJeune manipulated on the G. Denver pumps were either paper or rubber gaskets, neither of which contained asbestos.[9]

G. Denver and Co., LLC moves for summary judgment on the ground that Plaintiff cannot satisfy his burden of proof such that G. Denver and Co. LLC is entitled to judgment as a matter of law because there is no admissible evidence that (1) Mr. LeJeune ever worked with or around any asbestos-containing gaskets on G. Denver and Co., LLC equipment; or that (2) Mr. LeJeune alleged exposure to any such product was a substantial factor in the development of his mesothelioma.[10]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the

---

[6] ECF No. 1-1 Ex. A.
[7] *Id.*
[8] ECF No. 122-1 at 2 n. 3 (citing LeJeune's deposition transcript, Exhibit A).
[9] ECF No. 122-1 at 2 n. 4 (citing Graham Expert Report, Exhibit B).
[10] *Id.*

outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Plaintiff[11] does on his asbestos exposure claims here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

Defendant is entitled to summary judgment given the absence of evidence that Plaintiff was exposed to asbestos products manufactured, sold, or supplied by G. Denver and Co, LLC. As a threshold matter, G. Denver and Co., LLC's statement of uncontested facts[12] is deemed admitted. *See* Local Rule 56.2. Uncontroverted, these facts entitle Defendant to judgment as a matter of law because there is no evidence that Mr. LeJeune sustained any asbestos exposure from any materials alleged to have been located on G. Denver and Co., LLC PZ11 pumps that Plaintiff worked on while employed at Loffland Brothers from 1975 until the mid-1980s.

To recover for asbestos exposure, Plaintiff "must show, by a preponderance of the evidence, he was exposed to asbestos, and he received an injury substantially caused by that exposure." *See Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1088 (La. 2009), *abrogated on other grounds by Pete v. Boland Marine and Mfg. Co., LLC*, 379 So. 3d 636, 643 (La. 2023). In a case with multiple alleged causes of injury, the plaintiff must prove that a specific defendant's conduct was a cause-in-fact, *i.e.,* that

---

[11] Mr. LeJeune has died, ECF No. 157. His wife and children have been substituted as the plaintiffs. *See* ECF No. 160.

[12] ECF No. 122-2.

it was a substantial factor in generating the plaintiff's harm. *See id.* Defendant has demonstrated that there is no evidence in the summary judgment record that Plaintiff was exposed to a particular asbestos-containing product attributable to it. Mr. LeJeune's only recollection regarding work with Defendant's products exclusively concerned paper or rubber gaskets—products that did not contain asbestos.[13] Defendant thus points to an absence of evidence that Mr. LeJeune worked with or around asbestos-containing materials while working on G. Denver and Co., LLC PZ 11 Mud Pumps, *see Lindsey*, 16 F.3d at 618 (citations omitted).

The burden thus shifts to Plaintiff to "demonstrat[e] by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (internal citations omitted). Plaintiff fails to carry that burden. Plaintiff fails to present summary-judgment evidence establishing that Defendant's products exposed him to asbestos. So, there is no genuine dispute as to the absence of any evidence linking Plaintiff's asbestos exposure to Defendant's products. Accordingly, Plaintiff cannot prove his asbestos exposure claim against G. Denver and Co., LLC, which is entitled to judgment as a matter of law dismissing Plaintiff's claims.

---

[13] ECF No. 122-1 at 4-5.

Accordingly,

**IT IS ORDERED** that Defendant's unopposed motion[14] for summary judgment is **GRANTED**. Plaintiff's claims against Defendant G. Denver and Co., LLC are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 9th day of January, 2026.

                                              BRANDON S. LONG
                                              UNITED STATES DISTRICT JUDGE

---

[14] ECF No. 122.