UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY LEJEUNE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2477** |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this asbestos litigation is the motion[1] for summary judgment of Defendant Nabors Drilling Technologies USA, Inc. ("NDUSA") to dismiss the claims of Plaintiff Jerry Lejeune. For the following reasons, the Court **DENIES** the motion.

## I.   BACKGROUND

Plaintiff-Decedent Jerry LeJeune alleges he was exposed to asbestos and asbestos-containing products designed, manufactured, sold, supplied, and/or maintained by the defendants. As to NDUSA—formerly known as Loffland Brothers Company—Mr. Lejeune alleges he was exposed to asbestos through his father's work for Loffland Brothers beginning in 1955 and his own work for Loffland Brothers from 1973 to 1980.[2]

In 1985, Loffland Brothers filed a Petition for Voluntary Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of

---

[1] ECF No. 121.
[2] ECF No. 15 (Second Amended Complaint); ECF No. 55 (Third Supplemental and Amending Complaint incorporating claims in Second Amended Complaint).

Texas.[3] Four years later, the Board of Directors of Nabors Industries authorized Nabors Industries to acquire all of the issued and outstanding capital stock of Loffland Brothers.[4] The bankruptcy case of Loffland Brothers was closed via Final Decree on August 25, 1995.[5] Several additional mergers and acquisitions of the entity took place over the subsequent years, which ultimately resulted in the surviving company at issue today, NDUSA.[6]

In March 2023, Mr. LeJeune, was diagnosed with mesothelioma, a painful, incurable cancer caused by asbestos exposure. Mr. LeJeune sued NDUSA, along with several co-defendants in state court.[7] The petition was removed to federal court in July 2023.[8] In October 2025, Mr. LeJeune died of mesothelioma.[9] Mr. LeJeune's heirs, Tammy LeJeuene, Anna LeJeuene Clement, and Hayden LeJeuene, were substituted as Plaintiffs.[10]

In December 2024, Plaintiffs propounded several discovery requests on NDUSA, including a request that "[i]f Defendant contends it has not been sued in the proper capacity as set forth in Plaintiff's latest petition, please produce all documents and tangible things that support this contention."[11] In response, NDUSA produced a

---

[3] ECF No. 121-4 (Ex. B, Loffland Brothers Company Voluntary Petition for Chapter 11 Bankruptcy).
[4] *See* ECF No. 121-6 (Ex. D, Minutes of Special Meeting of the Board of Directors of Nabors Industries); ECF No. 121-3 (Ex. A. Affidavit of Keith Nicholson).
[5] ECF No. 121-14 (Ex. L, Final Decree of Bankruptcy).
[6] *See* ECF Nos. 121-7 through 121-13.
[7] ECF No. 1 (Notice of Removal).
[8] *Id.*
[9] *Id.* ¶ 6.
[10] ECF No. 159.
[11] ECF No. 170-3 (Ex. 2, Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production).

2

range of documents, including the October 2015 affidavit of Laura W. Doerre, the "Secretary" of NDUSA.[12] In that affidavit, Ms. Doerre asserted that, pursuant to the bankruptcy of Loffland Brothers and

> in accordance with the Plan of Reorganization as confirmed by the Order of Confirmation, [NDUSA] did not acquire any debts, obligations or liabilities of [Loffland Brothers] associated with any claims arising or incurred prior to the date of the Order of Confirmation because all such claims, whether or not reduced to judgment, or whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, were discharged under the Plan of Reorganization.[13]

The materials produced to Plaintiffs did not include the referenced Plan of Reorganization or Order of Confirmation.

On January 20, 2025, NDUSA filed this motion for summary judgment seeking dismissal of Plaintiffs' claims.[14] NDUSA argues in its motion that the Chapter 11 Bankruptcy filing of Loffland Brothers bars Plaintiffs' claims because Plaintiffs' claims pre-date the bankruptcy and the bankruptcy discharged all liabilities.[15] NDUSA's motion, like its discovery production, did not include the Plan of Reorganization or the Order of Confirmation.[16] NDUSA's motion for summary

---

[12] *Id.* at 1–4.
[13] *Id.*
[14] ECF No. 121.
[15] *Id.*
[16] At the time of the filing of this motion, NDUSA had not produced the Plan of Reorganization and Order of Confirmation and maintained that these records did not exist. *See* ECF No. 135 (Magistrate Judge ruling on motion to compel stating, "Defense Counsel[] represent[ed] [at oral argument] that the documents do not exist."). Now—over a year since Plaintiffs first propounded its original discovery request—NDUSA claims it discovered both documents. *See* ECF No. 178-4 (Ex. 4, Defendant Nabors' response in opposition to Plaintiff's motion *in limine*) (explaining that after being unable to locate the bankruptcy court records for over two years, counsel finally "determined that the law firm Jones Day Reavis & Pogue acted as counsel for the Debtors in the Bankruptcy Case" and "contacted counsel for the Debtors," who provided the bankruptcy records). These supplemental records have not been submitted to the Court as part of the summary judgment record, and therefore have not been considered in connection with this motion.

3

judgment attaches several exhibits, almost all of which were produced to Plaintiffs during discovery. But Exhibit A—the Affidavit of Keith Nicholson, Associate General Counsel of NDUSA, which he apparently signed back in October 2019—was not previously provided to Plaintiff in discovery.[17] In that affidavit, Mr. Nicholson avers that "[a]lthough [NDUSA] acquired Loffland Brothers' employer I.D. number, [NDUSA] did not acquire the debts, obligations or liabilities of Loffland."[18] The affidavit does not mention the Plan of Reorganization or the Order of Confirmation.[19]

On January 24, 2025, Plaintiffs filed a motion to compel NDUSA to produce the Plan of Reorganization and Order of Confirmation.[20] The motion was referred to the Magistrate Judge.[21] On February 14, 2025, after oral argument on the issue, the Magistrate Judge denied Plaintiff's motion "based on Defense Counsel's representation that the documents do not exist. Because the documents do not exist, Defendant cannot rely on them."[22] The Magistrate Judge ordered NDUSA to strike the Plan of Reorganization and Order of Confirmation from its exhibit list.[23] The Magistrate Judge also ordered the "Rule 30(b)(6) depositions of the individuals who relied on the non-existent documents occur as soon as possible given their necessity to Plaintiff's opposition to Defendant's Motion for Summary Judgment."[24]

---

[17] ECF No. 121-3 (Ex. A, affidavit of Keith Nicholson).
[18] *Id.*
[19] *Id.*
[20] ECF No. 124.
[21] *Id.*
[22] ECF No. 135.
[23] *Id.*
[24] *Id.*

4

NDUSA did not make their corporate representative available for deposition until almost a year later. On January 20, 2026, Mr. Nicholson—the same Mr. Nicholson who had signed the 2019 affidavit that was submitted with NDUSA's motion for summary judgment—confirmed he had never seen the Plan of Reorganization and had no knowledge as to whether NDUSA ever had possession of the Plan of Reorganization.[25] He confirmed that his statement in his affidavit that NDUSA "did not acquire the debts, obligations, or liabilities of Loffland" was based on his "understanding that Loffland went through bankruptcy and then came out of bankruptcy, and that's how bankruptcies work."[26] Mr. Nicholson further testified that NDUSA had no knowledge whether his predecessor, Laura Doerre, had access to the Plan of Reorganization when drafting her 2015 affidavit.[27]

NDUSA nonetheless persists in its pursuit of summary judgment. It makes three arguments. First, NDUSA contends that the 1993 dissolution of Nabors Loffland Drilling Company, formerly known as Loffland Brothers Company, bars Plaintiffs' claims against NDUSA. Second, NDUSA argues when it merged with Nabors Loffland Drilling Company, it did not expressly assume liability for any claims against Loffland Brothers. Thus, NDUSA is not the successor corporation for purposes of imposing liability for claims against Loffland Brothers. Third, NDUSA

---

[25] ECF No. 171-4 (Ex. 3, Deposition of Keith Nicholson, Nabors 30(b)(6) Designated Witness at 24:25-25:19) ("Q: Okay. Because in - - in the exhibit list, there was Item Number 22, Loffland Brothers Company bankruptcy plan or reorganization. There's no Bates stamp next to that. Are you familiar with that document? A: I don't have that document. I've seen it referenced. Q.: Have you ever read that document? A: No. Q: Where is that document? A: In terms of Nabors or in the world? Q.: Does [NDUSA] have that document? A: No.).
[26] *Id.* at 42:4-42:20.
[27] *Id.* at 27:2-15.

asserts the Final Decree of Voluntary Chapter 11 Bankruptcy of Loffland Brothers in 1995 bars Plaintiffs' claims as well.

For the following reasons, the Court rejects these arguments and denies the motion.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In reviewing the record, 'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Vote.Org v. Callanen*, 89 F.4th 459, 469 (5th Cir. 2023) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). The Court "'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact,

6

or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

If, however, the nonmovant bears the burden of proof at trial on the dispositive issue, "'the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994)). "'If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.'" *Guillot ex rel T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012)).

### III. ANALYSIS

#### A. NDUSA Fails to Carry Its Summary Judgment Burden to Show the Dissolution of Nabors Loffland Drilling Company Bars Plaintiffs' Claims

NDUSA first contends that the 1993 dissolution of Nabors Loffland Drilling Company, formerly known as Loffland Brothers Company, bars Plaintiffs' claims. According to NDUSA, Texas law protects a dissolved corporation from suit once three years have passed since dissolution. Because this lawsuit was brought more than three years after Nabors Loffland Drilling's dissolution, NDUSA argues, the suit is barred by Tex. Bus. Org. Code § 11.356.

Plaintiffs point out, however, that they have not filed suit against the dissolved entity, Nabors Loffland Drilling Company. Rather, Plaintiffs filed suit against NDUSA, the surviving entity from the various mergers and acquisitions that took place over the intervening decades. It is true that Texas law provides a limited post-dissolution survival period for claims against a dissolved corporation. But the statute does not appear to insulate a *successor* entity that assumed liabilities through merger. *See* Tex. Bus. Orgs. Code §§ 10.008(a)(3), 10.008(a)(5); *Altec Integrated Sols., Ltd. v. Poseidon Prods., Inc.*, 2025 WL 3096494, at *4 (E.D. Tex. May 27, 2025) ("In Texas, when a corporate merger occurs, 'all liabilities and obligations' of the merging corporation are statutorily allocated to the surviving corporation.").

NDUSA does not meaningfully explain why or how Texas law limiting suits against dissolved corporations to within three years after dissolution would shield the surviving entity from suit in this case. And on reply, NDUSA appears to abandon the argument entirely. NDUSA has thus failed to carry its burden to show it is entitled to judgment as a matter of law on this issue. *See* FED. R. CIV. P. 56(a). The Court accordingly rejects Defendant NDUSA's argument that Plaintiffs' claims against it are barred by Texas law.

### B. NDUSA Fails to Carry Its Summary Judgment Burden to Show It Is Not the Successor Corporation for Liability Purposes

NDUSA next asserts that it cannot be held liable for any claims arising from Jerry LeJeune's employment history with Loffland Brothers because "[w]hen NDUSA merged with Nabors Loffland Drilling Company, formerly Loffland Brothers Company, NDUSA purchased the stock of Loffland Brothers only." NDUSA argues it

8

did not acquire the debts, obligations or liabilities of Loffland Brothers, and thus it is not the "successor corporation" for purposes of imposing liability for claims against Loffland Brothers under Section 10.254 of the Texas Business Organizations Code. Section 10.254 of the Texas Business Organizations Code provides that "[e]xcept as otherwise expressly provided by statute, a person acquiring property described by this section may not be held responsible or liable for a liability or obligation of the transferring domestic entity that is not expressly assumed by the person."

In support of its assertion that "it is undisputed that NDUSA did not 'expressly assume' liability for any claims against Loffland Brothers," NDUSA attaches a Certificate of Merger.[28] NDUSA makes no further effort, however, to apprise the Court of how or why this certificate adequately demonstrates that Plaintiffs' claims are barred as a matter of law. NDUSA does not explain whether the Certificate of Merger is sufficient evidence that it did not expressly assume liability for any claims, does not discuss the relevance of NDUSA's purchase of "stock" of Loffland Brothers, and does not provide case citations showing a certificate of merger is adequate evidence to carry a summary judgment motion in these circumstances. For its part, Plaintiffs assert "there are genuine issues of material fact as to whether the 1993 merger between Nabors Loffland Drilling Company (NLDC) and Nabors Drilling USA, Inc. (NDUSA INC.) falls within" the general common law exceptions to the rule that a successor by purchase is typically not held liable for the debts or liabilities of its predecessor. Further, both parties agree that NDUSA continued the same

---

[28] ECF No. 121-12.

operations as its predecessor and succeeded to Loffland Brothers federal employer I.D. number, but neither explores whether there is any significance to this fact.

On reply, NDUSA once again fails to respond to Plaintiffs' arguments and appears to abandon the issue. It is not the Court's role to make arguments or assumptions, especially on behalf of the movant at the summary judgment stage. *See* FED. R. CIV. P. 56(a). The Court is accordingly unwilling to find that Defendant has carried its burden to show it is entitled to judgment as a matter of law on this issue.

### C. NDUSA Fails to Carry Its Summary Judgment Burden to Show the Chapter 11 Bankruptcy Bars This Claim

NDUSA next contends the bankruptcy of Loffland Brothers, and the Bankruptcy Court's Final Decree in 1995, bars Plaintiffs' claims because the claims pre-date the bankruptcy. According to NDUSA, the bankruptcy discharged all debts, liabilities, and obligations pursuant to Chapter 11. As NDUSA sees it, because Plaintiffs' claims are based on pre-bankruptcy exposure to asbestos, "there is a presumption that such claims were discharged by the confirmation order and confirmed plan under 11 U.S.C. § 1141(d), unless the Plaintiffs can demonstrate that an exception to discharge applies—which they have not and cannot."

Chapter 11 of the Bankruptcy Code provides a mechanism for corporate reorganization through the proposal, confirmation, and implementation of a plan of reorganization that governs the treatment and discharge of claims. *See* 11 U.S.C. §§ 1121–1129. Upon confirmation, the plan binds creditors and all parties-in-interests and effects the discharge of claims as provided in the plan and the bankruptcy court's confirmation order. *See* 11 U.S.C. § 1141(a), (d). A bankruptcy court's order

confirming a plan of reorganization is binding and final and has the weight of a final judgment for *res judicata* purposes. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992).

NDUSA argues that Loffland Brothers' liabilities were discharged pursuant to its Chapter 11 reorganization plan. But NDUSA has not produced either the Reorganization Plan or Confirmation Order. And even though NDUSA is the summary judgment movant, NDUSA nevertheless argues that it is Plaintiffs' burden to prove that Loffland Brothers' Reorganization Plan and Confirmation Order did *not* discharge all debts and obligations because the assumption is all debts were discharged.

NDUSA misconstrues its burden. For one, the text of the statute does not automatically discharge all debts and obligations of the bankrupt entity. Rather, 11 U.S.C. § 1141(d)(1) provides that "[e]xcept as otherwise provided in this subsection, *in the plan, or in the order confirming the plan*, the confirmation of a plan [] discharges the debtor from any debt that arose before the date of such confirmation . . . ." (emphasis added). In other words, the discharge of the entity's debts is contingent on the terms of both the plan and the confirmation order; it is not an automatic, statutory discharge of all debts. And 11 U.S.C. § 1141(a) provides that the "provisions of a *confirmed plan* bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor" regardless of whether the claim or

11

interest of any of such party is impaired under the plan and regardless of whether the parties have "accepted the plan." (emphasis added).

The Court accordingly agrees with Plaintiffs that the discharge of debts here is governed by the Reorganization Plan and Confirmation Order—and not solely by the statute and the fact that the defendant underwent a bankruptcy. Without the Plan, the Court cannot confirm that all debts and obligations were discharged. And an affidavit by Defendant's general counsel averring that all debts were discharged is not sufficiently reliable when the same general counsel later admitted in a deposition that he had never actually seen the plan or confirmation order.[29] *See, e.g., Integon Life Ins. Corp. v. Mableton–Booper Assocs. (In re Mableton–Booper Assocs.)*, 127 B.R. 941, 943 (Bankr. N.D. Ga. 1991) (reasoning that Section 1141's finality "allow[s] parties to rely on the provisions of a confirmed reorganization plan").

NDUSA's cited cases are not to the contrary. NDUSA cites to *United Refining Co. v. Dorrion*, 688 F. Supp. 3d 558 (S.D. Tex. Aug. 23, 2023), to argue that "asbestos claims that are based on pre-bankruptcy exposure are deemed to be pre-petition claims subject to the discharge under 11 U.S.C. § 1141(d), regardless of the date of manifestation of the alleged injuries resulting from such exposure." True, that (non-binding) case held that pre-bankruptcy asbestos exposure claims were *dischargeable* in bankruptcy. *See United Refining*, 688 F. Supp at 566. But NDUSA is incorrect to say that "there is a *presumption* that such claims were discharged by the confirmation order and confirmed plan under 11 U.S.C. § 1141(d)."

---

[29] *See* ECF No. 121-3 (Nicholson Affidavit); ECF No. 171-4 at 24:25-25:19 (Nicholson confirming he had never seen the reorganization plan or confirmation order).

In *United Refining*, the plaintiff asserted a wrongful-death claim against United Refining in May 2018 regarding asbestos exposure he experienced in the 1960s. 688 F. Supp. 3d at 561. In the course of defending itself in that suit, United Refining moved to reopen its 1983 bankruptcy case "to determine whether the asbestos-related claim [] was discharged by the 1988 confirmation order." *Id.* Just as in this case, the "materials available for review on this motion were limited due to the destruction of the case-related files." *Id.* But, unlike in this case, in *United Refining*, "the plan, confirmation order, and a few post-confirmation orders were (and are) available for consideration." *Id.* Indeed, the bankruptcy court analyzed the terms of the reorganization plan and confirmation order in detail. *In re United Ref. Co.*, 2021 WL 160433, at *2. It ultimately considered the confirmation order "prima facie evidence that prepetition claims were discharged and that proper notice was provided to parties-in-interest."[30] *Id.* at *7. And in affirming the bankruptcy court's order, the district court expressly noted that the reorganization "plan discharged 'all Claims arising before the Confirmation Date,'" the confirmation order "confirmed the plan," and it "included language discharging United Refining of debts that arose before entry of the order." *United Ref. Co.*, 688 F. Supp. 3d at 561.

---

[30] The Court notes that NDUSA has not responded to Plaintiffs' argument that proper due process notice sufficient to bind the claimant may not have been provided to the claimants in this case. *See* ECF No. 170 at 10*; see also United Refining*, 688 F. Supp. 3d at 566 (considering whether adequate notice was provided to potential claimants and concluding "[t]he confirmation order stated that United Refining "complied with the applicable notice provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Court, and notice of the hearing on confirmation was reasonable and appropriate.").

*United Refining* stands in stark contrast to this case, in which the defendant NDUSA has simply asserted that Plaintiffs' claims are barred because Loffland Brothers went through a bankruptcy—all without producing the Reorganization Plan or Confirmation Order that binds the interested parties. And NDUSA's additional case citations only show that debts are *dischargeable* in bankruptcy; they do not show that all claims are automatically presumed discharged without analysis of the reorganization plan or confirmation order. In the cases cited by NDUSA, the courts specifically analyzed the reorganization plans and confirmation orders to ensure the claims were discharged. *See, e.g., In re Chemtura Corp.*, 2016 WL 11651714, at *8 (Bankr. S.D.N.Y. Nov. 23, 2016) (enforcing the Discharge Injunction and finding the plaintiffs had the burden of proving it did not bar their actions because "the Plan contains discharge and injunctive provisions virtually identical to the language in sections 524 and 1141"); *FCC v. NextWave Pers. Communs. Inc.*, 537 U.S. 293, 303 (2003) (rejecting the argument that certain claims are not "dischargeable" in bankruptcy).

Without the Reorganization Plan and Confirmation Order—which Plaintiffs requested in discovery and have long sought—the Court has insufficient summary-judgment evidence that Plaintiffs' claims were discharged in bankruptcy.[31] NDUSA's

---

[31] If NDUSA has indeed discovered the Plan of Reorganization and Order of Confirmation, the parties will need to determine their effect on this litigation. The Court observes that this discovery appears to have arrived after more than two years of litigation, on the eve of trial, and after discovery requests from Plaintiffs, a motion to compel by Plaintiffs, and representations to the Court by Defendant that these documents do not exist. Counsel for Defendant should be reminded that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. *See also* FED. R. CIV. P. 11.

sole reliance on the affidavit of its corporate representative, who later admitted that he has not read and does not possess the reorganization plan, creates a genuine dispute of material fact barring summary judgment. *See* FED. R. CIV. P. 56(a).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant NDUSA's motion[32] for summary judgment **DENIED**.

New Orleans, Louisiana, this 11th day of February, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[32] ECF No. 121.